**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
GABRIEL RAZZANO,

                       Plaintiff,

        - against -

COUNTY OF NASSAU, POLICE
COMMISSIONER LAWRENCE W. MULVEY,
SALVATORE MISTRETTA, WILLIAM
LEMIEX and ANTHONY ROCCO,

                       Defendants.
-----------------------------------------------------------X

**ORDER**

CV 07-3983 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**     **INTRODUCTION**

On September 19, 2008, Plaintiff Gabriel Razzano ("Plaintiff" or "Razzano") filed a Second Amended Complaint [DE 77] against Defendants County of Nassau; the Nassau County Police Department ("NCPD"); Police Commissioner Lawrence W. Mulvey, Police Officers Alfred Samaniego, Salvatore Mistretta, William Lemieux, and Anthony Rocco (together, "NCPD Defendants"); United States Representative Carolyn McCarthy ("McCarthy"); and Mary Ellen Mendelsohn ("Mendelsohn") (collectively, "Defendants"), alleging, *inter alia*, that Defendants are liable under 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights.

By Memorandum of Decision and Order dated February 14, 2009 [DE 112], the Honorable Arthur D. Spatt granted, in part, Defendants' various motions to dismiss. Pursuant to Judge Spatt's decision, the Second Amended Complaint [DE 77] was dismissed in its entirety as to the NCPD, Detective Samaniego, Representative McCarthy, and Ms. Mendelsohn. Judge Spatt further ordered that (1) Counts I, II, VI, VII, and VIII were dismissed as to Nassau County

and the NCPD Defendants, and (2) Plaintiff be granted leave to amend the Second Amended Complaint "to reflect that he complied with the notice of claim requirement and to amplify his allegations pertaining to Nassau County's policy and the role of the NCPD Defendants in implementing or executing that policy . . . ." DE 112.[1]  Thus, Plaintiffs' remaining claims are Count III (violation of Plaintiff's Fourteenth Amendment rights for failure to provide proper notice and opportunity for a hearing subsequent to the seizure of Plaintiff's long arms), Count IV (conversion for seizing Plaintiff's long arms without due process), and Count V (replevin stemming from the seizure of Plaintiff's long arms without providing compensation there for), against Defendants Nassau County and the NCPD Defendants, excluding Detective Samaniego.

Currently before the Court are three motions filed by Plaintiff and one motion filed by Defendants McCarthy and Mendelsohn, all of which pertain to pretrial discovery. Each of these motions is discussed in turn below.

## II. FACTUAL BACKGROUND

The following is a summary of the facts relevant to the discovery motions discussed below. These facts are drawn from Judge Spatt's Order on the Motions to Dismiss [DE 112] and the Second Amended Complaint [DE 77]. Plaintiff is a member of the Minutemen Civil Defense Corps, an organization that purports to be concerned with securing "the borders and coastal boundaries of the United States . . . against the unlawful and unauthorized entry of all

---

[1]  The Court notes that on March 19, 2009 Plaintiff filed a Notice of Appeal [DE 113] as to Judge Spatt's Order on the Motions to Dismiss. By Order dated August 10, 2009 [DE 116], the Second Circuit made a *sua sponte* determination "that [the Court] lacks jurisdiction over this appeal because a final order has not been issued by the district court[,]" and accordingly, dismissed Plaintiff's appeal. The Court further notes that to date, Plaintiff has not filed a third amended complaint.

individuals, contraband, and foreign military." Plaintiff alleges that between March 2002 and March 2007, he wrote at least fifteen letters to Representative McCarthy regarding his views on illegal immigration. Plaintiff further alleges that during this period, he was one of Representative McCarthy's constituents.

Beginning in early 2003, Plaintiff began writing to Representative McCarthy about the increasing number of undocumented persons living in his community. Representative McCarthy responded to several of Plaintiff's letters and forwarded to his attention several letters which she had written to the United States Department of Homeland Security and United States Immigration and Customs Enforcement regarding his concerns. Plaintiff also contends that he had several conversations about this issue with James (Jim) Hart, Representative McCarthy's former chief of staff.

Plaintiff asserts that in early March 2007, he called Representative McCarthy's office in order to reach Jim Hart. On being informed that Hart no longer worked for Representative McCarthy, Plaintiff requested a return call from the new chief of staff. Plaintiff alleges that on March 12, 2007, he traveled to Representative McCarthy's Long Island office to request an appointment with her, but was told that he was not a member of her congressional district and that he should cease communications with her office.

On March 19, 2007, Plaintiff returned to Representative McCarthy's office to seek an appointment, but was again told that he was not one of her constituents and that he should inquire with the Nassau County Board of Elections to clarify any confusion about his appropriate congressional district. Plaintiff alleges that on the same day, he went to the offices of the Nassau County Board of Elections where he was provided with a Certificate of Registration which

indicated that he was a member of Representative McCarthy's district.² Plaintiff immediately returned to Representative McCarthy's office with the intention of requesting an appointment to discuss illegal immigration issues. According to Plaintiff, while he was waiting in the reception area of Representative McCarthy's office, he was approached by Detective Alfred Samaniego of the NCPD who informed Plaintiff that he was not a member of Representative McCarthy's district, that he should leave the office and stop "annoying" Representative McCarthy, and that he should not contact her office until he straightened this "entire situation out." Second Amended Complaint ("Compl.") [DE 77] ¶ 29.

Plaintiff alleges that Detective Samaniego then escorted him out of Representative McCarthy's office and into the elevator. Plaintiff further claims that upon exiting the elevator, he and Detective Samaniego encountered Representative McCarthy and Plaintiff said "Ms. McCarthy, I have been trying to meet with you." Compl. ¶ 31. Representative McCarthy ignored Plaintiff and proceeded into the elevator, while Detective Samaniego escorted Plaintiff out of the building. According to Plaintiff, later on the same day, he received a phone call from Detective Samaniego who stated that the Nassau County Board of Elections had erred in telling Plaintiff that he was a member of Representative McCarthy's district and that he should cease all communications with the Congresswoman and her staff.³

According to Plaintiff, on the following day, March 20, 2007, he received a phone call

---

² A copy of the Certification of Registration, which states that Plaintiff is a member of the Fourth Congressional District (which is represented by Representative McCarthy), is annexed as Exhibit A to Plaintiff's Motion to Amend the Complaint [DE 59].

³ The sequence of events described above, which occurred upon Plaintiff's return to Representative McCarthy's office, shall be referred to as the "March 19, 2007 incident at Representative McCarthy's office."

4

from his mother who stated that NCPD officers Salvatore Mistretta and William Lemieux were at his home to confiscate his nine rifles and fifteen handguns. Officers Mistretta and Lemieux allegedly informed Plaintiff that the weapons were being seized because the NCPD had received a 911 call in which Plaintiff's name was mentioned and, under such circumstances, it was NCPD policy to seize all firearms for a 90-day "cooling" period. Compl. ¶ 35. Plaintiff contends that this 911 call, if it occurred, was made by Mary Ellen Mendelsohn, a member of Representative McCarthy's staff. One week later, Plaintiff received a receipt for the seized weapons.

According to Plaintiff, he subsequently received a letter dated April 2, 2007 from the Board of Elections which stated that his address had been assigned to an incorrect election district that and that he was, in fact, not a constituent of Representative McCarthy's district.[4] Plaintiff alleges that he also received a letter dated April 24, 2007, in which the NCPD Chief stated that Plaintiff's license to carry a weapon had been revoked based upon the NCPD's review of the March 19, 2009 incident at Representative McCarthy's office.[5] The letter also noted that Plaintiff had become "increasingly obsessed with the day laborer situation," and that Plaintiff's "actions cause[d] great concern over [his] suitability to possess a pistol license." Compl. ¶ 40.

---

[4] A copy of the April 2, 2007 letter from the Nassau County Board of Elections, which states that Plaintiff is a member of the Third Congressional District, is annexed as Exhibit B to Plaintiff's Motion to Amend the Complaint [DE 59].

[5] A copy of the April 24, 2007 letter from the NCPD Chief Anthony Rocco is annexed as Exhibit C to Plaintiff's Motion to Amend the Complaint [DE 59].

## III. THE PARTIES' CONTENTIONS

### A. Plaintiff's Motion To Compel Evidence Pertaining To The Layout Of Representative McCarthy's Office

By letter motion [DE 70], Plaintiff seeks leave to (i) inspect and photograph the offices of Defendant McCarthy, (ii) depose Defendant Mendelsohn; and (iii) depose non-party witness James Hart, who was Representative McCarthy's Chief of Staff at an earlier time, as described above. Plaintiff asserts that discovery pertaining to the layout of McCarthy's office (including the walls and glass separating the staff from the visitors) and the location of Mendelsohn at the time of Plaintiff's visit, are relevant to "whether Plaintiff Razzano could in fact be 'threatening' from a waiting room that permitted no direct contact between Ms. Mendelsohn, Defendant Congresswoman McCarthy's staff, and visitors." DE 70. Moreover, Plaintiff seeks to depose Mr. Hart, with whom Plaintiff "had significant contact . . . and even developed an amicable relationship" for the purpose of showing "the type of relationship that Mr. Razzano had with the Congresswoman's office and has never posed any threat to her or her staff members or anyone in the public domain." *Id*.

Defendant McCarthy opposes [DE 72] Plaintiff's Motion on the grounds that the requested discovery is impermissible in light of this Court's December 21, 2007 Civil Conference Minute Order [DE 44] which, save for one exception not applicable here,[6] stayed

---

[6] The single exception to this stay of discovery was to direct Representative McCarthy "to serve a Rule 26(a) disclosure which sets forth solely the name of the individual in the Congresswoman's office who called the police with respect to the Plaintiff on March 19, 2007." DE 44.

"[a]ll other discovery regarding Congresswomen McCarthy . . . pending the outcome of the motion to dismiss which is currently pending before Judge Spatt."[7]

Pursuant to Judge Spatt's Order on the Motions to Dismiss [DE 112], all claims related to the March 19, 2007 incident at Representative McCarthy's office have been dismissed and the action has been discontinued with respect to McCarthy and Mendelsohn. Accordingly, the discovery sought here by Plaintiff -- to inspect and photograph Representative McCarthy's office and to depose Mendelsohn and Hart -- for the purpose of showing that Plaintiff was not "suspicious, threaten[ing], and disruptive" [DE 70] to Representative McCarthy's staff during the March 19, 2009 incident, are not relevant to Plaintiff's remaining causes of action, which pertain to whether Plaintiff's rights were violated as a result of the seizure of his weapons. Accordingly, Plaintiff's Motion [DE 70] for leave to take the requested discovery is DENIED.

B.     **Plaintiff's Motion To Compel Production Of Unredacted Documents**

By letter motion [DE 87], Plaintiff seeks an order (i) "compelling the Nassau County Defendants[8] to produce unredacted copies of all documents produced during the discovery phase of this matter, including but not limited to all police case reports in its possession;" (ii) imposing

---

[7]     Subsequent to the filing of the instant Motion, Judge Spatt granted Plaintiff's motion for leave to amend the complaint and denied Defendant McCarthy's Motion to Dismiss the first amended complaint without prejudice to renewal following the filing of Plaintiff's second amended complaint [DE 59]. Defendant McCarthy thereafter moved to dismiss [DE 85-86] and to stay discovery pending determination of that motion to dismiss [DE 88-89].

[8]     Plaintiff does not define the term "Nassau County Defendants" and, as a result, it is unclear precisely from which Defendants Plaintiff is seeking additional documents. However, based upon the context of the Motion and the specific reports to which Plaintiff refers regarding the redactions -- the NCPD Report, the Pistol License Incident Report, and the Case Report (*see* DE 87, Ex. 1) -- for purposes of deciding this Motion, the Court assumes that Plaintiff is referring to Defendant NCPD.

sanctions upon the Nassau County Defendants; (iii) granting leave to depose Sergeant James Bartkowski of the Garden City Police Department; and (iv) granting leave "to follow-up on obtaining information from the Nassau County Board of Elections and if necessary to conduct depositions of non-party witnesses."

Regarding Plaintiff's first request, the NCPD has already produced a second set of documents with fewer redactions, which revealed that Defendant Mendelsohn was the person who called the NCPD during the March 19, 2007 incident at Representative McCarthy's office. *See* DE 87, Exs. A, B. However, according to Plaintiff, Defendant's counsel declined to remove the remaining redactions because "it is the County's policy to redact the name of the complainant in a criminal complaint/matter." DE 87. In particular, with regard to the U.S. Capital Police report, Plaintiff objects to the redaction of the names of the Capital Police investigators who investigated Plaintiff "at the behest of the Defendant McCarthy." *Id*. Likewise, in the NCPD case reports [DE 87, Ex. C], Plaintiff objects to the redaction of the "names of individuals spoken to with regard to its investigation of Mr. Razzano." *Id*. Plaintiff asserts that Defendant's stated reasoning for the redactions is invalid, there is no applicable privilege, and since "these names are not the names of complaining witnesses [they] must be revealed pursuant to the Federal Rules of Civil Procedure." *Id*. Plaintiff further argues he is entitled to the fully unredacted documents because Sergeant Haig and Detective Samaniego both testified during their depositions that they reviewed unredacted documents during their deposition preparations. *Id*. Plaintiff also moves for the imposition of sanctions upon the Nassau County Defendants for their refusal to produce the documents and counsel's "cavalier[] respons[e]" to Plaintiff's requests. *Id*.

Regarding the request to depose non-party Sergeant James Bartkowski of the Garden City Police Department, Plaintiff states that through discovery, he has learned that "the Garden City Police Department responded to a 911 call from . . . McCarthy's district office and that [Bartkowski] was one of the officers who responded and was the officer in charge at the scene." *Id*. Plaintiff further contends that "it was Det. Sgt. Bartkowski who referred [Plaintiff's] name to the Nassau County Police Department's Pistol License Division which resulted in the revocation of Plaintiff's license and confiscation of his pistols and long arms." *Id*.

Finally, Plaintiff seeks discovery from the Nassau County Board of Elections based upon Detective Samaniego's deposition testimony "that staff persons from Defendant McCarthy's contacted the board regarding which electoral district Mr. Razzano resided in. After the call Mr. Razzano was notified that he was no longer in Congresswoman McCarthy's district." *Id*.

Defendants oppose [DE 90] Plaintiff's Motion on the grounds that it is the NCPD's policy to keep confidential the identity of a criminal complainant unless that person consents to the disclosure. Defendants argue that this policy is valid and legal, as it is based upon "the law enforcement privilege, which is designed to prevent disclosure of law enforcement techniques . . . to protect the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." DE 90 (citations and internal quotations omitted). Defendants further contend that sanctions are not justified here because "[r]espectfully disagreeing with Plaintiff's counsel as to the discoverability of this information and refusing to acquiesce to their demands based upon a good faith belief that the information is privileged hardly constitutes cavalier behavior." DE 90. Finally, Defendants oppose Plaintiff's request for

leave to depose Sergeant Bartkowski and Nassau County Board of Elections representatives on the grounds that this Court's September 3, 2008 Order [DE 74] precludes any further depositions in this case unless the party seeking discovery shows that it has found "new <u>material</u> information as a result of" the depositions of Detective Samaniego, Helen Razzano or Sergeant Haig. *See* DE 74 (emphasis in original). Defendants assert that the information cited by Plaintiff in the instant motion is neither new nor material. *See* DE 90.

Plaintiff's Motion [DE 87] is DENIED, in part, and deemed MOOT, in part. Because the Motion contains four distinct requests for discovery, I will address each portion separately. The first part of Plaintiff's motion seeks the production of unredacted documents previously produced by the NCPD including, but apparently not limited to unredacted copies of the NCPD Reports, the Pistol License Incident Report, and the NCPD Case Report (referred to in a letter by Plaintiff's counsel as the "Supporting Narrative/Deposition" (*see* DE 87, Ex. 1)). The Court notes initially that, pursuant to Plaintiff's request for the unredacted documents, Defendant NCPD obtained Mendelsohn's consent to disclose her identity as the person who spoke to the responding police officers following the March 19, 2007 incident in Representative McCarthy's office, and thus produced a new set of documents to Plaintiff with her name revealed [DE 90]. Moreover, Defendants have explained that upon learning that the names of Capitol Police officers were redacted, counsel "confirm[ed] that we could provide Plaintiff with a set of documents which did not contain redactions of the identifies of Capitol Police officers, as well as members of the Freeport Police Department." *Id*.

Regarding the documents requested by Plaintiff during the depositions of Samaniego and Haig, Plaintiff did not provide the transcripts of Sergeant Haig's and Detective Samaniego's

10

depositions, so the Court cannot evaluate whether, as a result of their deposition preparations, Plaintiff is entitled to review the unredacted documents. Moreover, as Defendants point out, Plaintiff has not specified precisely which documents he seeks to obtain. *See* DE 90, Ex. A. The Court also notes that Plaintiff has not provided a single case citation to support any of the arguments proposed here. Thus, Plaintiff's Motion is deemed MOOT the extent Defendant NCPD has already agreed to eliminate some of the redactions. If Plaintiff is continuing this action,[9] counsel for Plaintiff and the NCPD are directed to meet and confer with regard to these issues and (i) the NCPD shall produce a set of documents which do not redact the identities of the Capitol Police officers and the Freeport Police officers, and (ii) Plaintiff's counsel shall specify which documents he seeks from the Samaniego and Haig depositions, keeping in mind that this action has been discontinued with respect to Detective Samaniego, and Sergeant Haig is not a named Defendant here. To the extent Plaintiff seeks the production of additional unredacted documents here, the Motion is DENIED, without prejudice, and with a right to renew only Plaintiff has a good cause basis for challenging the NCPD's policy of maintaining the confidentiality of the identity of a complainant, supported by relevant case law.

The portion of Plaintiff's Motion seeking the imposition of sanctions upon Defendants is DENIED. Defendants have, in fact, produced or agreed to produce unredacted versions of

---

[9]  In his February 14, 2009 Memorandum of Decision and Order [DE 112], Judge Spatt granted Plaintiff leave "to amend his second amended complaint to reflect that he complied with the notice of claim requirement and to amplify his allegations pertaining to Nassau County's policy and the role of the NCPD Defendants in implementing or executing that policy . . . ." Seven months have pass in the interim and Plaintiff still has not done so. Moreover, Plaintiff's appeal of Judge Spatt's decision was dismissed by the Second Circuit on August 10, 2009 [DE 116].

certain categories of the requested documents. Moreover, Defendants have not met the standard for the imposition of sanctions under Rule 37.

The portions of Plaintiff's Motion seeking to depose non-party Sergeant Bartkowski and to take discovery regarding the Nassau County Board of Elections are DENIED. As noted by Defendants in their Opposition [DE 90], this Court's Civil Conference Minute Order [DE 74] dated September 3, 2008 states as follows:

> Other than the individual depositions listed above, no further depositions are to be taken in this matter. If the parties discover "new" <u>material</u> information as a result of the foregoing depositions, an affected party may move for relief expeditiously by filing an appropriate letter motion to the Court.

DE 74 (emphasis in original). However, the fact that Sergeant Bartkowski was the first officer to respond to the March 19, 2007 incident was not new information obtained from the depositions of Samaniego, Helen Razzano or Sergeant Haig. Rather, as Defendants point out, Sergeant Bartkowski's "name and involvement in this matter are contained in numerous documents which have been provided to Plaintiff during the course of discovery" [DE 90]. Likewise, Plaintiff was informed that he was not a member of Representative McCarthy's district long before these depositions. In fact, this allegation is contained in Plaintiff's original complaint, and Plaintiff cannot reasonably or credibly allege that contact between McCarthy's office and the Board of Elections concerning him is "new information" gleaned from these three depositions. Moreover, to the extent Plaintiff seeks this discovery in relation to the allegations against Representative McCarthy, those claims have been dismissed and the action has been discontinued with respect to McCarthy. Accordingly, any discovery sought by Plaintiff with respect to his allegations against

McCarthy are not relevant to Plaintiff's remaining causes of action, all of which pertain to whether Plaintiff's rights were violated as a result of the seizure of his weapons.

### C. Defendants' Motion For Protective Order

Defendants McCarthy and Mendelsohn[10] seek a protective order to stay discovery pending the outcome of their motion to dismiss Plaintiff's second amended complaint [DE 88-89]. In support of the Motion, Defendants argue that Plaintiff's claims are unmeritorious and patently frivolous; Defendants McCarthy and Mendelsohn will be unduly burdened if subjected to discovery; Plaintiff will not be prejudiced by the stay; and the stay is in the public interest. *See* DE 89. Plaintiff opposes [DE 93] the Motion on the grounds that Defendants have not shown good cause for the protective order.

In accordance with Judge Spatt's Order [DE 112] granting Defendants McCarthy and Mendelsohn's Motion to Dismiss the Second Amended Complaint as against them dismissing all claims related to the March 19, 2007 incident at Representative McCarthy's office, Defendant's Motion for a Protective Order [DE 88-89] is DENIED as MOOT.

### D. Plaintiff's Motion To Compel Discovery From Nassau County Board Of Elections

Finally, Plaintiff moves [DE 103] to compel the Nassau County Defendants to produce for deposition the Nassau County Board of Elections representative(s) who (i) spoke to "any member of Defendant McCarthy's office;" (ii) spoke to Detective Samaniego; and (iii) had follow-up conversations with any defendant regarding Plaintiff, for the purpose of obtaining information pertaining to "Mr. Razzano's constituency in the Congresswoman's district."

---

[10] Here Mendelsohn is identified as a "proposed defendant." However, Plaintiff subsequently added Mendelsohn as a Defendant in the Second Amended Complaint [DE 77].

13

DE 103. Defendants oppose [DE 104] Plaintiff's Motion on the grounds that this Court's September 3, 2008 Order [DE 74] precludes further discovery unless the parties discover "new material information as a result of" the depositions of Detective Samaniego, Helen Razzano or Sergeant Haig.

Plaintiff's Motion [DE 103] is DENIED in light of the fact that all of the requested discovery pertains to the March 19, 2007 incident at Representative McCarthy's office and the charges against McCarthy and all of those claims have been dismissed. Further, the information sought is not relevant to any of the remaining claims concerning the seizure of Plaintiff's weapons and the alleged violation of his Constitutional rights. Moreover, as Defendants point out in their opposition, Plaintiff does not cite any new information learned during the depositions of Detective Samaniego, Helen Razzano Sergeant Haig which would justify taking the additional depositions of representatives of the Nassau County Board of Elections. Likewise, the Second Amended Complaint does not contain any allegation that the Board of Elections was involved in the purported constitutional violations concerning Plaintiff's long arms. Consequently, Plaintiff is not entitled to the requested discovery and the Motion [DE 103] to compel testimony from a member of the Board of Elections is DENIED.

## V. CONCLUSION

Plaintiff's Motion [DE 70] to for leave to (i) inspect and photograph the offices of Defendant McCarthy, (ii) depose Defendant Mendelsohn, and (iii) depose non-party Jim Hart is hereby DENIED.

Plaintiff's Motion [DE 87] seeking to (i) to compel the production of unredacted copies of previously produced documents is hereby deemed MOOT, in part, and DENIED, in part,

without prejudice and with a right to renew, to the extent set forth in this Order; (ii) obtain sanctions against the Nassau County Defendants for failure to produce fully unredacted documents is hereby DENIED; (iii) obtain leave to depose non-party Sergeant James Bartkowski is hereby DENIED; and (iv) obtain leave to obtain discovery from the Nassau County Board of Elections is hereby DENIED.

Defendants McCarthy and Mendelsohn's Motion [DE 88, 89] for a protective order to stay discovery pending the outcome of their motion to dismiss Plaintiff's second amended complaint is hereby DENIED as MOOT, in accordance with Judge Spatt's Order dismissing Defendants McCarthy and Mendelsohn from this action as well as dismissing the claims against them.

Plaintiff's Motion [DE 103] to compel the deposition of Nassau County Board of Elections representatives is hereby DENIED.

Counsel for the parties are directed to file a letter on ECF no later than October 2, 2009 stating what discovery, if any, remains outstanding in order to complete the pre-trial phase of this action.

**SO ORDERED.**

Dated: Central Islip, New York
September 22, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge