**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
GABRIEL RAZZANO,

                              Plaintiff,

                    - against -

COUNTY OF NASSAU, SALVATORE
MISTRETTA, WILLIAM LEMIEUX
and ANTHONY W. ROCCO,

                             Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 07-3983 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

On February 28, 2011, Judge Spatt issued a Memorandum Decision and Order [DE 164] containing the following rulings: (1) Defendants' motion for summary judgment with respect to the Plaintiff's Section 1983 cause of action against Police Commissioner Lawrence Mulvey was GRANTED; (2) all other relief sought in the Defendants' summary judgment motion was DENIED; (3) Plaintiff's motion for summary judgment on his putative Section 1983 Fourth Amendment claim was DENIED; (4) Plaintiff was given 20 days to amend his complaint to state a Section 1983 cause of action for violation of the Fourth Amendment; (5) Plaintiff's motion for summary judgment on his Section 1983 Fourteenth Amendment claim was GRANTED with respect to all defendants except Commissioner Mulvey; (6) Defendant Nassau County was directed to hold a post-deprivation hearing consistent with the Memorandum Decision and Order; and (7) Plaintiff's motion for attorney's fees was DENIED, without prejudice. In addition, Judge Spatt referred the case to the undersigned to conduct an inquest as to damages for the violation of the Plaintiff's Fourteenth Amendment rights.

Plaintiff filed his Amended Complaint on March 17, 2011. *See* DE 165. On April 4, 2011, after a conference with counsel for both sides, this Court issued an Order [DE 166] directing Plaintiff's counsel to provide a short memorandum of law by April 8, 2011 setting forth the damages Plaintiff was seeking under the Section 1983 Fourteenth Amendment claim and the legal basis for each set of damages. Defendants' counsel was given until April 15, 2011 to file any opposition with supporting case law. On April 5, 2011, Judge Spatt issued an Order [168] requesting that this Court proceed with the inquest on Plaintiff's Fourteenth Amendment damages notwithstanding the pendency of the Plaintiff's Fourth Amendment claim.

Prior to the damages hearing, several other issues arose before Judge Spatt as well as this Court. As a result, the inquest was adjourned to October 5, 2011. At that time, this Court heard testimony over a two-day period and reserved decision on the damages. *See* DE 186. Counsel for the parties submitted post-hearing briefs on February 22, 2012 [DE 192, 193] and this Court issued its Report and Recommendation [DE 194] to Judge Spatt on February 27, 2012. Having heard the testimony of various witnesses and having considered the submissions by counsel, this Court recommended that (1) Plaintiff be awarded compensatory damages in the amount of $20,000; (2) no punitive damages be awarded; (3) Plaintiff be awarded post-judgment interest at the rate set forth in 28 U.S.C. §1961 as of the date of entry of final judgment; and (4) Plaintiff not be awarded $2,500 in attorney's fees as requested for the consultation or any work done by counsel regarding the pistol license hearing issue. *See* DE 194. On March 23, 2012, Judge Spatt adopted the Report and Recommendation in its entirety. Thereafter, the parties filed a Stipulation [DE 197] on June 13, 2012 withdrawing the Second Cause of Action. In "so ordering" the Stipulation, Judge Spatt noted that "based on the parties representation that this

Stipulation 'resolves all outstanding causes of action,'" the Court deemed the Third and Fourth Cause of Action dismissed. *See* DE 199.

On June 13, 2012, Plaintiff requested a pre-motion conference with Judge Spatt to discuss a contemplated application for attorney's fees as the prevailing party in this action. DE 197. Judge Spatt referred the application to the undersigned and this Court established a briefing schedule for Plaintiff's motion. *See* Electronic Orders dated June 18, 2012 and June 25, 2012. Plaintiff's motion was filed on July 20, 2012. See DE 201. After granting the Defendants' request for an extension of time to file opposition, the Court subsequently received a letter from Defendants' counsel reporting a tentative settlement on the attorney's fee application. *See* DE 203. Defendants' counsel stated that he was in the process of drafting the Stipulation of Settlement which then have to be approved by the County Attorney of Nassau County as well as the Nassau County Legislature. *Id*.

Approximately 60 days later, after having received no further information or confirmation from the parties, the Court issued an Electronic Order dated November 20, 2012, directing the defendants to file a report regarding the status of the settlement. Defendants' counsel filed a letter dated November 26, 2012 stating that there had been some further negotiations regarding the amount of expenses and attorney's fees, but that the matter was settled and that a confidential settlement memorandum had been forwarded to the County Attorney for review and approval. *See* DE 204. Counsel indicated that once the County Attorney's approval was obtained, the approved settlement memorandum would then have to go to the Rules and Finance Committee of the Nassau County Legislature for their review, followed by presentation to the full Legislature for approval. *Id*. Defendants' counsel did not indicate how long this process might take. On

3

November 27, 2012, this Court issued another Electronic Order stating that the November 26, 2012 letter from Defendants' counsel did not address the projected time frame in which the review process would be completed. Counsel was directed to provide the Court promptly with further information regarding that projected time frame.

The Court did not receive a response to the November 27, 2012 Electronic Order and, therefore, set and in-person conference for December 18, 2012. *See* Electronic Order of December 10, 2012. Defendants' counsel submitted a letter to the Court dated December 11, 2012 stating that the County Attorney had approved the settlement and that he was submitting the fully executed package "to the County Attorney's Legal Bureau which, after review, will forward it to the County Executive, and then to the Legislature as a Resolution." DE 205. Counsel added that he could not advise when the Resolution would be presented for approval to the full Legislature because the Legislature had not yet set its calendar for 2013. *Id.* At the request of both sides, the Court adjourned the status conference to February 15, 2013. *See* Electronic Order of December 13, 2012. Based on a scheduling conflict, the Court then needed to adjourn the conference to March 4, 2013. *See* Electronic Order of February 6, 2013.

On February 26, 2013, Defendants' counsel filed on ECF a joint motion of the parties seeking a further adjournment of the March 4, 2013 Status Conference. *See* DE 206. In that letter, Defendants' counsel reported that the Rules and Finance committee approved the recommendation to settle on February 4, 2013 and that on February 25, 2013, the full Nassau County Legislature unanimously approved the settlement by resolution. *Id*. However, Defendants' counsel further stated that the next step in the payment process includes submitting notice of the Legislature's approval to the Nassau Interim Finance Authority ("NIFA"). *Id*. The

County's borrowing is based upon the issuance of municipal bonds that are scheduled to take place in June 2013 and NIFA would have to approve advancing funds ahead of that date. In light of this information, Defendants requested that the conference be rescheduled to mid-June 2013, with the consent of Plaintiff's counsel. The March 4, 2013 was canceled on that basis.

In light of the procedural posture of this case and the fact that the settlement has been approved (although the funding awaits the time frame noted above), I respectfully recommend to Judge Spatt that this case be administratively closed at this time, while preserving Plaintiff's right to re-open the matter by September 1, 2013 if the payment has not been made.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Arthur D. Spatt, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
March 11, 2013

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge