**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
GABRIEL RAZZANO,

                  Plaintiff,

        -against-                    **MEMORANDUM OF**
                                                  **DECISION AND ORDER**
COUNTY OF NASSAU, SALVATORE         07-CV-3983 (ADS)(AKT)
MISTRETTA, WILLIAM LEMIEUX, and
ANTHONY ROCCO,

                  Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**La Reddola, Lester & Associates, LLP**
*Attorneys for the plaintiff*
600 Old Country Road, Suite 224
Garden City, NY 11530
       By:    Robert James La Reddola, Esq.

**Nassau County Attorney's Office**
*Attorneys for the defendants*
One West Street
Mineola, NY 11501
       By:    Liora M. Ben-Sorek, Deputy County Attorney
                  Ralph J. Reissman, Deputy County Attorney, of Counsel

**SPATT, District Judge.**

On February 28, 2011, the Court granted the plaintiff's motion for summary judgment on his Section 1983 Fourteenth Amendment claim that the defendants failed to provide him with an adequate opportunity to recover rifles and shotguns ("longarms") that the defendants had confiscated from his residence in March 2007. In that same order, the Court referred the case to United States Magistrate Judge A. Kathleen Tomlinson for an inquest to determine the plaintiff's entitlement to damages, if any, caused by the lack of a prompt post-deprivation hearing and the defendants' retention of the plaintiff's longarms since March 2007.

On February 27, 2012, Judge Tomlinson issued a Report and Recommendation, recommending that the Court: (1) award the plaintiff $20,000 in damages for emotional distress and post-judgment interest at the rate set forth in 28 U.S.C. § 1961 as of the date of the entry of final judgment; (2) deny the plaintiff's motion for attorneys' fees in the amount of $2,500 associated with his request for a state administrative license hearing; and (3) deny the plaintiff's request for punitive damages. There were no objections filed to the Report. On March 23, 2012, this Court adopted Judge Tomlinson's February 27, 2012 Report and Recommendation in its entirety.

Thereafter, on June 13, 2012, the parties filed a stipulation withdrawing the Second Cause of Action. Also on June 13, 2012, the Plaintiff requested a pre-motion conference to discuss a contemplated application for attorneys' fees as the prevailing party in this action.

On June 18, 2012, the Court so ordered the stipulation and, "based on the parties representation that this stipulation 'resolve[d] all outstanding causes of action[,]' . . . deemed the Third and Fourth Causes of Action dismissed." (Dkt. No. 199.) In addition, the Court referred the Plaintiff's application for legal fees to Judge Tomlinson.

On July 20, 2012, the Plaintiff moved for attorneys' fees. However, on September 28, 2012, the Defendants filed a letter reporting that a tentative settlement on the Plaintiff's application for attorneys' fees had been reached. On February 4, 2013, the Rules and Finance Committees of the Nassau County Legislature approved the County Attorney's recommendation to settle the action, including compensatory damages and attorney's fees in the sum of $275,556.04. On February 25, 2013, the full Nassau County Legislature unanimously approved the settlement by resolution. In a letter dated February 26, 2013, the Defendants represented that "[t]he next step in the payment process includes submitting

notice of the Legislature's approval to the Nassau Interim Finance Authority ("NIFA") for approval to advance funds ahead of the County's borrowing based upon issuance of municipal bonds, scheduled to take place in June2013." (Dkt. No. 206.)

Therefore, on March 11, 2013, "in light of the procedural posture of this case and the fact that the settlement has been approved (although the funding awaits the time frame noted above)," Judge Tomlinson issued a Report and Recommendation ("the Report"), recommending "that this case be administratively closed at this time, while preserving the Plaintiff's right to re-open the matter by September 1, 2003 if the payment has not been made." (Report, pg. 5.) By letter dated March 12, 2013, the Plaintiff stated he had "no objections to the administrative closure of this matter." (Dkt. No. 208.) To date, the Defendants have not filed any objections.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Tomlinson's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Tomlinson's Report, it is hereby

**ORDERED**, that Judge Tomlinson's Report and Recommendation is adopted in its entirety. This case is administratively closed at this time. The Plaintiff may re-open this case by September 1, 2013 if the payment of the settlement has not been made.

**ORDERED**, that the Clerk of the Court is directed to administratively close this case.

**SO ORDERED.**

Dated: Central Islip, New York
         March 27, 2013

                                                  ___/s/ Arthur D. Spatt____
                                                     ARTHUR D. SPATT
                                                  United States District Judge